IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL DOCKET NO.: 5:05CR238

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>RICKY JAMES LYALL, )<br>)<br>Defendant. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on Defendant's "Motion for a Judgment of Acquittal," filed January 30, 2006. On February 15, 2006, the Government filed a Response to Defendant's Motion for Judgment of Acquittal.

On August 24, 2005, Defendant was charged with fifteen counts by way of Bill of Indictment. On January 17, 2006, the Court granted the Government's Motion to Dismiss Counts 3, 9, 10, 11, 12, 13 and 14. On January 18, 2006, Defendant was tried before a jury. This Court, on January 20, 2006, granted the Government's Motion to Dismiss Count 15. Therefore, the jury was only charged on the issues of conspiracy to possess with intent to distribute cocaine and methamphetamine (Counts One and Four), possession with intent to distribute cocaine and methamphetamine and aiding and abetting (Count Two), and possession with intent to distribute cocaine and aiding and abetting (Counts Five, Six, Seven and Eight). On January 23, 2006, the jury returned a verdict of guilty on all Counts submitted for their consideration.

In the instant Motion, Defendant moves the Court for a Judgment of Acquittal as to Count Five of the Bill of Indictment. Defendant maintains that during the trial, the Government failed to present any evidence that on or about March 9, 2004, the Defendant and other persons

1

did knowingly and intentionally possess with intent to distribute a quantity of cocaine, or aided, abetted, commanded, counseled, induced or procured the commission of this offense, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) and Title 18, United States Code, Section 2.

The Fourth Circuit has held, with respect to a motion for a judgment of acquittal, that "a jury verdict '*must be sustained* if there is substantial evidence, taking the view most favorable to the Government, to support it.'" *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc) (quoting *Glasser v. United States*, 315 U.S. 60, 80 (1942)). In the instant case, Defendant contends that the Government failed to present evidence that on or about March 9, 2004, the Defendant possessed cocaine with the intent to distribute the drugs or aided and abetted in the commission of this offense. Defendant, therefore, asks the Court to vacate this portion of the jury's judgment.

The Court finds no error in the jury's decision. The jury was charged with the responsibility of determining the Defendant's guilt or innocence as to each charge, including Count Five. The Court instructed the jury as to the elements of each Count that was before the jury for its consideration, explained all of the pertinent terms and phrases with respect to each crime alleged, and explained the level of culpability required as to each crime. Moreover, the Court explained to the jury the term "on or about" with respect to the dates alleged in the Indictment. Neither Defendant nor the Government objected to the Court's instructions to the jury. Therefore, the jury was free to determine whether the Government had proven beyond a reasonable doubt the charge alleged in Count Five of the Indictment, including whether this crime occurred on or about March 9, 2004. Based upon the evidence presented at trial, the Court

reaffirms the jury's decision.

For the foregoing reasons, the Court finds no grounds on which to grant the Defendant a judgment of acquittal or to vacate the jury's finding in regard to Count Five of the Bill of Indictment.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for a Judgment of Acquittal is hereby **DENIED**.

Signed: August 3, 2006

Richard L. Voorhees
United States District Judge